**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| LAMONT GARNER KARRIEM, | Case No. 2:20-cv-00942-RFB-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| EXTENDED STAY AMERICA INC., *et al.*, | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |
| Defendants. | |

Before the Court are pro se plaintiff Lamont Garner Karriem's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).  Karriem's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice, with leave to amend.

**DISCUSSION**

Karriem's filings present two questions: (1) whether Karriem may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Karriem's complaint states a plausible claim for relief.

**I.      Whether Karriem May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages and no assets. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

//

**II.     Whether Karriem's Complaint States a Plausible Claim**

      **a.  Legal Standard**

Because the Court grants Karriem's application to proceed *in forma pauperis*, it must review Karriem's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **b.  Plaintiff's Complaint**

Karriem brings claims for invasion of privacy, false imprisonment, assault and battery, intentional infliction of emotional distress, conspiracy to interfere with civil rights, and breach of contract against Extended Stay America, Inc., ESH Hospitality, Inc., and Elix Nunez because it

allegedly cooperated with law enforcement prior to his October 2018 arrest. (ECF No. 1-1 at 2). On May 15, 2020, plaintiff brought similar claims in another case, *Karriem v. Cellco Partnership Inc., d/b/a Verizon Wireless Inc*., 2:20-cv-00884-JAD-VCF ("Karriem I") against Verizon Wireless for allegedly cooperating with law enforcement prior to the same October 2018 arrest. Plaintiff initiated the instant case ("Karriem II") on May 26, 2020.

      a. The First to File Rule and Claim Splitting

      "[T]he "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed[ ]." *Colortyme Fin. Servs. v. Kivalina Corp*., 940 F. Supp. 269, 272 (D. Haw. 1996), citing to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692 (9th Cir. 2007); citing to *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180, 184, 72 S. Ct. 219, 221 (1952). "In a situation such as here, where one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that "[n]ecessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower court[ ]." *Adams, 487 F.3d at 692 citing to Kerotest Mfg. Co*., 342 U.S. at 184.

      The first-filed rule should not be departed from except in cases of, "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). "The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments, and provides that where there are two competing lawsuits, the first suit should

have priority[.]" *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 241 (D. Conn. 2007). "A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams*, 487 F.3d at 686.

A related legal doctrine, called claim-splitting, is a "sub-species" of res judicata. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 19-cv-03345-EMC, 2019 U.S. Dist. LEXIS 174870, at 10 (N.D. Cal. Oct. 8, 2019). The doctrine provides that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits. *In re PersonalWeb Techs.*, LLC, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019). Claim splitting differs from res judicata because it does not require that there be a final judgment. *Adams* at 487 F.3d at 692 (In considering whether a second action is duplicative for purposes of claim splitting, a court borrows from the test for res judicata and analyzes, "whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion") "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 487 F.3d at 688.

Plaintiff initiated Karriem I before this case, so Karriem I is the first filed case. Karriem brings similar claims regarding the same subject matter, i.e., he split his claims, because both cases bring claims multiple companies' and their alleged cooperation with law enforcement leading to his 2018 October arrest. Pursuant to the first filed rule, or the prior action pending doctrine, the first case filed (Karriem I) should have priority. The plaintiff may file a motion to amend his complaint in Karriem I.

Dismissal of this case is appropriate because dismissal serves judicial efficiency.  Because the rule against claim splitting forecloses plaintiff's ability to bring two separate actions involving the same subject matter at the same time in the same court, the Court dismisses this case. Plaintiff may, however, file an amended complaint if he believes this case should remain on the docket.

4

**The Younger Doctrine**

It appears the plaintiff is not currently incarcerated, but it is unclear if the plaintiff still has criminal charges pending against him or if his prior charges are subject to appeal.  The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

The plaintiff cannot bring claims against the defendants for cooperating with law enforcement prior to his arrest if the state proceeding is pending. Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. The Court dismisses this action without prejudice: the plaintiff may file an amended complaint that addresses these issues.

ACCORDINGLY,

IT IS ORDERED that Karriem's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Karriem's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Karriem has until Wednesday, July 29, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is

5

directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 29th day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE